(52 Misc. Rep. 612)

### In re DRYER.

(Supreme Court, Special Term, New York County. February, 1907.)

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE—PROMOTION.

Though not accompanied by any change in character of work, an increase of compensation of a clerk in the bureau of assessments and arrears is a "promotion," within the meaning of Const. art. 5, § 9, directing, that civil service promotions shall be made according to merit and fitness, to be ascertained by competitive examinations.

2. SAME.

Mandamus could not be invoked in aid of an attempted promotion of a civil service clerk, where at the time the promotion was attempted the advancement was blocked by an honorably discharged soldier, though under classification made subsequently the soldier might not be eligible for the promotion.

Application of Oscar Dryer for a peremptory writ of mandamus. Denied.

John C. Shaw, for the motion.

William B. Ellison, Corp. Counsel (William B. Crowell, of counsel), opposed

GIEGERICH, J. The petitioner rests his claim to promotion to a higher grade of clerkship, as established by the rules of the civil service commission, and to a higher compensation, not on his rank or position on any list made up as the result of an examination, but solely on section 12 of rule 15 of the civil service commission, which is as follows:

"Any person in the competitive service who shall have passed an examination for either appointment or promotion covering in its scope a higher grade or compensation than that of the position he holds shall, if not otherwise disqualified, be eligible for promotion or advancement to such higher grade or compensation without further examination under this rule."

The application sought to be made of this rule brings it in conflict with article 5, § 9, of the Constitution of the state, which directs that:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, as far as practicable, by examinations which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors of the army and navy of the United States in the late Civil War who are citizens and residents of the state shall be entitled to preference in the appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. * * *"

In the present case it appears from the moving affidavits that the character of work done by the various clerks in the bureau of assessments and arrears does not differ, but that each clerk does what the head of the department requires of him, and that the work allotted is not at all influenced by the grading occupied by the particular clerk according to the civil service rules. Conceding all this, I nevertheless am of the opinion that an increase in compensation, although not accompanied with any change in character of work, is a "promotion," within the meaning of the constitutional command above quoted. That a promotion was intended is shown by the language of the comptroller in the notice to the petitioner, which was as follows:

"You are hereby promoted to the position of fifth-grade clerk, with salary at $1,500 per annum, taking effect August 16, 1906."

What the basis for the attempted increase in salary is in this case does not appear, whether superior accuracy, or rapidity, or any other qualification capable of being ascertained by competitive examination. If the proposed promotion is based upon some qualification not practicable to be ascertained by examination, then that fact should be shown to bring the case outside of the constitutional provision under consideration.

Another reason why the application cannot prevail is that when the promotion was attempted an honorably discharged soldier, a citizen and resident of the state, blocked the petitioner's advancement. The classification by bureaus and boroughs, made at the request of the comptroller by the civil service commissioners, and under which, it is claimed, the veteran referred to (who is serving in the borough of Brooklyn) would not be eligible for this promotion in the borough of Manhattan has been made since the attempted promotion. The petitioner bases his application on an act of the comptroller dated August 6, 1906. He must abide by the situation as it existed on that date. It was not until the following month that the classification just referred to was made.

Motion denied, with $10 costs.